UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 06-56-C**
**CIVIL ACTION NO. 08-306-C**

UNITED STATES OF AMERICA,                                                                          PLAINTIFF,

V.                                  MEMORANDUM OPINION AND ORDER

SHAWN THOMPSON,                                                                                     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's objections (R. 89) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (R. 86) to deny the defendant's motion to vacate or set aside his sentence under 28 U.S.C. § 2255. The court, having reviewed the record *de novo*, 28 U.S.C. § 636(b)(1)(c), will adopt the Magistrate Judge's Recommendation and deny the defendant's motion to vacate (R. 61) because the defendant waived the right to file such a motion when he signed his plea agreement. To the extent that the defendant does not specifically object to the report and recommendation, the court concurs in the result recommended by the Magistrate Judge. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The defendant knowingly and voluntarily waived his right to attack his sentence collaterally under § 2255 when he entered into a plea agreement (R. 45) on February 21, 2007. A defendant in a criminal case "may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-

64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)).  In order for such a waiver to be valid, the defendant must enter into the plea agreement knowingly and voluntarily.  *Id.* at 764.  A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea.  *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (holding "that plea-agreement waivers of § 2255 rights are generally enforceable," even when that motion is "based on the claim of ineffective assistance of counsel"); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) (holding "that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief" under § 2255).

On February 21, 2007, the defendant signed a written plea agreement (R. 45).  The agreement stated,

> the Defendant knowingly and voluntarily waives the right . . . (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including any claims of ineffective assistance of counsel.

R. 45, at 7, ¶ 12.  On the last page of the agreement, the defendant signed and acknowledged that he had "read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it."  *Id.*, at 12.  In addition, Elgin Crull, counsel for the defendant, signed the agreement and affirmed that he had "carefully reviewed every part of this Agreement with the defendant" and that

2

the defendant's "decision to enter into this Agreement is an informed and voluntary one." *Id.*, at 12.

Later that day, the court held a change-of-plea hearing for the defendant. The transcript of that proceeding refutes the defendant's claim that his guilty plea was "unknowing and involuntary," R. 89. Relevant portions of that transcript are reproduced below:

> THE COURT: Are you fully satisfied with the advice, representation and counsel of Mr. Crull?
>
> THE DEFENDANT: Extremely, Your Honor.
>
> . . .
>
> THE COURT: Okay. Have you discussed it with Mr. Crull until you are quite sure you understand it?
>
> THE DEFENDANT: Yes, ma'am, Your Honor.
>
> . . .
>
> THE COURT: Just a few questions I have for you. That last thing first. Do you understand that you have waived, or given up, your right to appeal your plea, your conviction, or your sentence?
>
> THE DEFENDANT: Yes, ma'am, Your Honor.
>
> . . .
>
> THE COURT: And do you understand that you have also given up your right to file a separate lawsuit attacking

3

|                |                                                                                          |
|----------------|------------------------------------------------------------------------------------------|
|                | your plea or your conviction or your sentence?                                           |
| THE DEFENDANT: | Yes, ma'am.                                                                              |
| THE COURT:     | Any way?                                                                                 |
| THE DEFENDANT: | Any way, yes, ma'am.                                                                     |
| THE COURT:     | Do you give those rights up voluntarily?                                                 |
| THE DEFENDANT: | I give those rights up voluntarily.                                                      |
|                | . . .                                                                                    |
| THE COURT:     | Are you pleading guilty because you are guilty and for no other reason?                  |
| THE DEFENDANT: | Yes, Your Honor. I am pleading guilty because I am guilty. I want this behind me.        |
|                | . . .                                                                                    |
| THE COURT:     | Okay. And do you understand that even though you've given up your right to appeal, the Government has not, and so the Government may appeal my sentence, but you can't? |
| THE DEFENDANT: | Yes, ma'am, Your Honor.                                                                  |
|                | . . .                                                                                    |
| THE COURT:     | I find that you are competent and capable of entering an informed plea; you are aware of the charges; you are aware of the consequences of your plea; your |

> plea is knowing and voluntary; and it does rest on an independent factual basis containing the essential elements of the offense.

R. 83, at 4-5, 9-10, 12-13, 17-18, 21. During that hearing, the court accepted the defendant's guilty plea and conditionally accepted his plea agreement.[1]

On June 7, 2007, the court held the first sentencing hearing in this matter. Early in that proceeding, the court fully accepted the defendant's plea agreement. However, the issue of whether the defendant could receive credit for time served on an undischarged sentence in state court arose. The court recognized that it lacks authority to grant such credit and can recommend only that the credit be given because that issue is within the purview of the Bureau of Prisons. Because of the confusion regarding the credit issue and the absence of the prosecutor who negotiated the plea agreement, the court continued the matter.

The sentencing hearing resumed on June 20, 2007. Noting that in the plea agreement the United States agreed to recommend that the defendant receive federal service credit back to April 14, 2006, the court inquired as to whether it could accept the plea agreement since the United States agreed to make a recommendation upon a matter outside the court's authority. The United States emphasized that the plea agreement still was valid because the United States agreed to recommend the credit

---

[1] The regular practice of the court is to accept a plea agreement conditionally at the change-of-plea hearing. The court waits until the sentencing hearing before it fully accepts the plea agreement.

5

and did not guarantee that the defendant would receive it. The court then questioned the parties regarding whether the plea agreement was fair to everyone even though it contained a meaningless provision. The prosecutor noted that the defendant had received several breaks in the agreement. After the court raised concerns about the propriety of accepting a plea agreement that omitted a provision which the parties negotiated and expressly included, counsel for the defendant stated that the defendant did not want to withdraw his plea and the defendant nodded in agreement. Later, the court said, "So I understand you to say, number one, [the defendant] does not want to withdraw his guilty plea; correct?" R. 87, at 11. The defendant responded, "Accept my plea agreement would be my guess," and his counsel confirmed that "[h]e wants to accept the plea agreement." *Id.* The court then accepted the plea agreement except for the paragraph regarding the service credit. *Id.*

Throughout the sentencing hearings on June 7, 2007, and June 20, 2007, the court made every effort to clarify that it had no authority to give the defendant credit for time served on his state charges. Nothing in the record indicates that the defendant did not understand this. Even after the court had conditionally, and then fully, accepted the plea agreement, the court again asked the defendant whether he wanted the court to accept it, and the defendant responded affirmatively.

The defendant's ineffective-assistance-of-counsel claims must be denied because they do not relate directly to the plea agreement or the waiver of the right to contest his sentence in a separate lawsuit. *Davila*, 258 F.3d at 451 ("The majority of

6

Circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver."). In his § 2255 motion, the defendant does not challenge his guilty plea. In fact, in his objections to the Magistrate Judge's Report and Recommendation, the defendant confirmed that he "still does not argue his guilt, merely that he was sentenced in violation of law." R. 89, at 1. The defendant's ineffective-assistance-of-counsel arguments relate to the calculation of his sentence, not his guilty plea or the validity of the plea agreement or the waiver of the right to contest his sentence through a § 2255 motion. His alleged confusion during the sentencing hearing on June 20, 2007, also involves the interpretation of the Sentencing Guidelines and the calculation of his sentence. The defendant has failed to show that he was confused about his guilty plea or the waiver of the right to challenge his sentence in a separate lawsuit.

      The plea agreement precludes the defendant's claim that his sentence violates the *Ex Post Facto* Clause of the United States Constitution. He waived the right to challenge the constitutionality of his sentence through an appeal or separate lawsuit when he entered into the plea agreement. *See, e.g., Leach v. United States*, 171 Fed. Appx. 765, 2006 WL 466639 (11th Cir. Feb. 28, 2006) (affirming district court's finding that *ex post facto* claims were barred by collateral appeal waiver). Therefore, the defendant cannot pursue a claim based on the alleged illegality of his sentence.

      Based on a *de novo* review of the record, including the signed plea agreement

and the transcripts of the change-of-plea hearing and the sentencing hearings, the court confirms its earlier finding that the defendant made a "knowing and voluntary" plea and that he was "aware of the consequences of [the] plea," including the waiver of his right to contest his sentence through a 28 U.S.C. § 2255 motion.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (R. 86) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the defendant's motion to vacate under 28 U.S.C. § 2255 (R. 61) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**, as the defendant has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. 2253(c)(1)(b).

Signed on  June 30, 2009

*[signature: Jennifer B Coffman]*
**Jennifer B. Coffman, Judge**
**United States District Court**